NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK GAKERA THIONGO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.   15-73638

Agency No. A201-006-612

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2018
Seattle, Washington

Before:  GOULD and WATFORD, Circuit Judges, and ROTHSTEIN,** District Judge.

Petitioner Patrick Gakera Thiongo (Thiongo) is a native and citizen of

Kenya.  Thiongo entered the United States in 2007 and overstayed his visa.  In

2011, Thiongo filed applications for asylum, withholding of removal, and United

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

Nations Convention Against Torture (CAT) relief. Reviewing the agency's decision for substantial evidence, we grant Thiongo's petition in part, deny it in part, and dismiss it in part.

Thiongo argues that the immigration judge (IJ) erred by making an adverse credibility finding that served as the basis for the IJ denying his withholding of removal and CAT relief claims. This result was affirmed by the Board of Immigration Appeals (BIA). An adverse credibility finding will be sustained if substantial evidence supports the IJ's determination, and if the BIA "highlight[ed] specific and cogent reasons to support the adverse credibility finding." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). The IJ's adverse credibility determination here was not supported by substantial evidence in the record. The IJ stated that Thiongo's inconsistencies about the harm he faced strongly weighed against his claim, but the IJ did not "suggest any reason that [the IJ] found his explanation not credible." *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). The IJ was required to explain why Thiongo's plausible explanations did not explain the inconsistencies, but the IJ did not do so. *Id.* The BIA similarly did not "give [its] reasons for considering [Thiongo's] explanation unpersuasive." *Id.* Because the agency did not address Thiongo's explanations for the alleged inconsistencies, the inconsistencies cannot serve as substantial evidence to find Thiongo not credible. *Id.* at 1091–92. We grant Thiongo's petition as to his

2

withholding of removal and CAT relief claims, and remand to the agency on an open record for further proceedings consistent with this disposition.

Thiongo also argues that because of extraordinary and changed circumstances, the IJ and BIA erred by not excusing the late filing of his asylum application. Thiongo contends that the IJ and BIA did not consider his health issues or incidents in Kenya when determining whether the exceptions to the one-year filing deadline for asylum applications applied. We have limited jurisdiction to review IJ and BIA's determinations related to the exceptions to the one-year bar for asylum applications. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). Thiongo gave no evidence of his alleged depression or trauma and gave no documentary evidence of the day his documented hypertension or diabetes changed or what treatment he was seeking that led him to come forward in 2011. The medical evidence he provided showed that he was in good health and that his medical conditions were well controlled as late as April 2010. The record does not compel the conclusion that the BIA erred in holding that Thiongo failed to show that his medical conditions were extraordinary or changed circumstances that justified an exception to the one-year limitation.

Thiongo argues that some incidents befalling his family constitute changed circumstances warranting an extension of time in which he can seek relief. *See* 8 C.F.R. § 1208.4(a)(4), (5). On Thiongo's account, the most recent of these events

3

was his brother's beating, which occurred on June 1, 2010. Yet Thiongo filed his application for asylum on November 17, 2011, 17 months after the beating, and has given no explanation for why taking 17 months from that incident to file the application was within a "reasonable period given the circumstances." *See Al Ramahi v. Holder*, 725 F.3d 1133, 1135 (9th Cir. 2013) (noting that a "reasonable period" is usually within six months of the changed circumstance). Substantial evidence in the record supports the IJ's determination, and the BIA's affirmance, that Thiongo's asylum application was untimely. We deny Thiongo's petition as to his asylum application.

Thiongo finally argues that he was denied due process of law, but Thiongo did not raise this claim before BIA. Procedural due process claims must first be exhausted before the Board. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). This claim is not administratively exhausted, and we do not have jurisdiction to review it. We dismiss this claim. The parties shall bear their own costs on appeal.


**GRANTED IN PART, DENIED IN PART, DISMISSED IN PART, AND REMANDED.**